## AMERICAN CAN CO. v. McGINNIS et al.

(Circuit Court, D. Maryland. October 14, 1907.)

**1. PATENTS—INFRINGEMENT—COMBINATION OF OLD ELEMENTS.**

Where a patent is not for a pioneer invention, but for a combination of old elements, the range of infringing equivalents is restricted to those which perform the same functions in the same way.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 386.]

**2. SAME—CAN-HEADING MACHINE.**

The Wheaton patent, No. 477,584, for a can-heading machine, is for a combination of old elements, and each claim has as an essential element, either expressly or by necessary reference to the specification and drawings, a mold made in two parts, one for each end of the can, and each part having two jaws, one of which opens, to receive the can body and heads, by turning on an axis which is at right angles to the axial line of the jaws. As so construed, it is not infringed by the machine of the McGinnis patent, No. 796,928.

In Equity. On final hearing.

John P. Poe & Sons and Munday, Evarts & Adcocke, for complainants.

Gans & Haman, for defendants.

MORRIS, District Judge. This is a bill in equity, filed by the American Can Company against the defendants, praying an injunction and an account for the alleged infringement of a patent. The complainant's patent is No. 477,584, June 21, 1892, granted to M. A. Wheaton, of San Francisco, for an improvement in can-heading machines.

It is claimed for the Wheaton machine that it was the first practical and successful machine which would head cans with a continuous movement, and not with a stop and start movement to enable the operator to insert the can and bottom and top in the machine, during the heading operation. In the Wheaton machine, the molds for conforming the cylindrical body of the can to a true circle are mounted, to the number of ten or more, on a revolving disk, which brings them under a chute by which the can bodies and the tops and bottoms are fed continuously into the revolving molds. The molds consist of a set of two pairs of jaws, interiorly of a circular shape of the size of the can. Each pair of jaws is carried on a rod, which is parallel with the axis of rotation, while the outer jaw of each set opens, by turning back on a hinge, through a half circle so as to open the mold to receive the can body and heads, and to clear itself out of the way of the chute which delivers the can body and heads into the mold. When the can body and heads are in place, the outer jaw returns again by turning a half circle on its hinge, and by closing the mold accurately sizes the can body, and brings the heads into line with it. Then the two sets of closed jaws, one at each end of the can, are moved towards each other sufficiently to force the can body into the flanges of the heads, and complete the heading. The outer jaw then turns back on its hinge and opens the mold so that the can is dropped out of the mold. The mechanism by which these automatic and reciprocating movements are accomplished is not necessarily involved

in the present litigation, and no description of it will be attempted. It is sufficient to say the devices operate rapidly and continuously, with the result that, with the Wheaton machine as now made and operated, it will head 130 cans a minute, which is twice the result obtained from any previous machines.

Although the Wheaton machine has attained this great success, it cannot be maintained that it embodies a pioneer invention. The use of a mold to cause the can body to assume a true cylindrical shape, with an annular space between the mold and the can body at its ends to receive the flange of the can head, and a device for forcing the can head into the annular space, and thereby applying the head outside the can body, is the invention claimed in the first claim of the Norton patent, No. 267,014, November 7, 1882, and that patent was held not to cover a pioneer invention. Wheaton v. Norton, 70 Fed. 833, 17 C. C. A. 447. Not being a pioneer invention, but a combination of elements already in use, the range of infringing equivalents is restricted to those which perform the same functions, in the same way. The success of the Wheaton machine is accomplished very largely by the fact that the set of molds was opened to receive the can body and heads, as it passed under the chute, in such a way as to clear the chute, so as to allow the ten sets of molds to pass rapidly under the chute, and each mold to receive its can body and heads. This, as Wheaton in his specification sets forth, is done by having the mold made in two parts, one for each end of the can, and each part with two jaws, a lower one which does not turn over out of the way, and an upper or outside one, which does turn over out of the way on an axis which is transverse to the axial line of the two sets of jaws and of the can body.

In his specification, explaining Figure 5 of the drawings, Wheaton says:

"In this view, the jaws are open, the outside jaw, N, being turned over on its hinge bolt, h, one-half of a revolution."

He says, further, in his specification:

"In my machine the outside jaw of each set of jaws opens away from the inside jaw of the set about an axis which is transverse to a line passing through the centers of the two sets of jaws, and, incidentally, through the central axial line of each can body when it is in place between the jaws."

The defendant's machine, which is complained of as an infringement, is made under patent No. 796,928, to James McGinnis, August 8, 1905. In his specification, McGinnis states:

"The invention consists, broadly, of can holding or clamping molds, each comprising two jaws, one jaw adapted to slide upon the other, to grip or release a can; said can holders oppositely arranged, and mounted upon revolving frames or wheels; and means to operate each set of jaws, to close one jaw upon the other, and move the jaws, when closed, towards the opposite set of jaws."

The difference between the Wheaton and the McGinnis machines is, substantially, that, in the Wheaton machine, the outside jaw opens away from the mold, and out of the way of the chute, by turning on an axis transverse to the axial line of the set of jaws; while, in the

McGinnis machine, the outside jaw opens the mold and is moved out of the way of the chute by sliding upon the inner jaw, rearwardly, by a slidable connection with it.

The first claim of the McGinnis patent is:

"A machine of the character described, having a mold, comprising two jaws, one jaw having an oblique, rearwardly extending surface, and the other jaw having slidable connection with said oblique surface of the first jaw, and means to actuate said slidable jaw to close the same upon the other jaw."

The proceedings in the Patent Office, during the pendency of Wheaton's application, as shown by the file wrapper and contents, indicate that it was by reason of the novelty of the device for opening the mold by turning the outer jaw of the mold on an axis which is at right angles to the jaws and getting it out of the way of the chute in the manner described, that the claims which were allowed were granted.

All the claims (except the third and fourth) alleged to be infringed by defendant's machine contain substantially the same language which appears in the first claim, viz., "with an outside movable jaw, opening about an axis, transverse to the central line of the closed jaws," or, as stated in the second claim, "in which the outside jaw of each such set opens by moving around an axis, that is transverse to said central axis." As this device is an essential element of the combination, and as all the separate elements are old, the substitution of a different element, which is not equivalent in the sense of the patent law, avoids the charge of infringement. It does not seem to me that, in view of the present state of the art, and the rejections of the Patent Office, in which Wheaton acquiesced, it can be successfully contended that the slidable incline, on which the outer jaw in defendant's combination is withdrawn from the mold, is the equivalent of the device of complainant's combination, by which the outer jaw is withdrawn by revolving on a hinge, the axis of which is at right angles to the molds.

Claims 3 and 4 of the Wheaton patent do not contain the language restricting the opening device to a movable jaw opening about an axis transverse to the central axis, but are much more general. They are as follows:

"Claim 3. In a can-heading machine, the combination of a set of jaws, which are carried around a central axis without changing their position radially from such axis, in combination with mechanism for moving such set of jaws towards another set of similar jaws, substantially as and for the purposes herein set forth.

"Claim 4. In a can-heading machine, two sets of jaws, facing each other, and carried around an axis, without changing their position radially from such axis, in combination with mechanism by which the jaws are opened and closed, mechanism for forcing the jaws towards each other, for putting the can heads on the can body, and mechanism, substantially as described, for moving the sets of jaws farther from each other, after the heads have been placed upon the can body."

These claims 3 and 4 are so vague and general that they cannot be given any meaning except by direct reference to the specification and the drawings, and, so far as the device for opening the outer jaw of the mold is concerned, no device is described, shown, or suggested by the specification or by drawings, other than that hinged on an axis

transverse to the central axis; and it is to a set of jaws of this description that claims 3 and 4 must refer as an element of the combination claimed, and the claims must be limited to the devices shown by the inventor. Computing Scale Co. v. Automatic Scale Co., 204 U. S. 609, 27 Sup. Ct. 307, 51 L. Ed. 645.

Claims 3 and 4 appear to be addressed, more particularly, to the mechanism for moving the sets of jaws to and from each other with a reciprocating movement as an element in the combination. The idea of providing cams to produce this result was not new with Wheaton, but appears in other can-heading machines, so that it could be only the peculiar form and construction of cam contrivance, described and shown in Wheaton's specification and drawings which claims 3 and 4 could properly cover. Thus restricted, it is found that the McGinnis cam contrivance does materially differ from that of the Wheaton patent.

The conclusion I have arrived at is that the infringement has not been established, and that complainant's bill should be dismissed.