POOLE BROS. v. MARSHALL-JACKSON CO.

(Circuit Court, N. D. Illinois, E. D. April 22, 1908.)

No. 27,780.

PATENTS—INFRINGEMENT—MEMORANDUM CALENDAR.
 The Wilson patent, No. 585,944, for a memorandum calendar, narrowly construed as required by the prior art, *held* not infringed.

In Equity. On final hearing.

Offield, Towle & Linthicum and Albert H. Graves, for complainant. Louis K. Gillson, for defendant.

KOHLSAAT, Circuit Judge. The bill herein was filed to restrain infringement of patent No. 585,944, granted to J. R. Wilson, July 6, 1897, for improvements in memorandum calendars, known as handy calendars. The claims of the patent read as follows, viz.:

"1. A holder for desk-calendars, comprising a base for resting on the desk, and two seats for the calendar-leaves, one seat being upon the base and upwardly facing, and the other being carried by and elevated above the base and rearwardly facing, and means for guiding the leaves when moved between their two seats.

"2. A holder for pad-calendars comprising a base, parallel filing-wires rising above said base, downwardly and forwardly extending projections at the upper end of said filing-wires and a traverse back support at the forward end of said projections.

"3. A holder for pad-calendars, comprising a base, a leaf-file rising above the base and projecting forward for the upper end of its initial portion,

and a transverse leaf-supporting back rising from the forward-projecting portion.

"4. The combination with the perforated leaves, of a holder comprising a base, filing-wires rising from said base, said filing-wires being formed of a single piece extending upwardly through the perforations in the leaves, thence forwardly, and thence upwardly again to a juncture, to form an elevated leaf-support above the base.

"5. A holder for pad-calendars comprising a base and two seats for the calendar-leaves, one seat being upon the base and upwardly facing, and the other seat being elevated above the base and rearwardly facing, means for guiding the leaves when moved between their two seats and means for retaining the leaves upon their upper seat."

The application was filed March 15, 1899, and contained eight claims. Of these all except claim 7 were rejected by the examiner. This claim was renumbered 2, as the patent now stands. Afterwards, patentee canceled all claims except 7 and 8, and attempted to save 8 by amending it. He also added a new claim 1. Afterwards, this new claim and amended claim 8 were canceled without further action thereon by the examiner, and four new claims were presented. After certain corrections suggested by the examiner to claims 1 and 5 were made by the applicant, the five present claims were allowed. The specifications do not appear to have been amended, except by addition a clause to the effect that the operation of the leaves might be reversed. i. e., by moving them from the elevated seat to the base seat. All that part of the specification which refers to date pads, as a part of the invention, is eliminated by the cancellation.

It appears from the record that defendant and its predecessor, the George E. Marshall Co., were formerly extensive customers of complainant, handling several thousand handy calendars per year for several years; that in 1895 defendant closed dealing with complainant and proceeded to supply its customers with the alleged infringing device. As suggested by complainant, if there is any actionable infringement, defendant is in no position to claim that it acted innocently. There is little to be drawn from the action of the patentee in the Patent Office. The claims are undoubtedly good for what they express, so far as that office is concerned. They must, however, be read and construed with reference to what was canceled, and may not be broadened to cover what was rejected. Defendant's contention, that by withdrawing the claim of amendment A the substance of that claim was abandoned, cannot be sustained as to so much thereof as was afterwards embodied in the claim as allowed. Hubbell v. United States, 179 U. S. 77, 21 Sup. Ct. 24, 45 L. Ed. 95; Computing Scale Co. v. Automatic Scale Co., 204 U. S. 609, 27 Sup. Ct. 307, 51 L. Ed. 645; Syracuse R. T. Co. v. Haywood Bros. & Wakefield Co. (C. C.) 152 Fed. 454.

The main features claimed for the patent in suit, over the prior art, are: (1) The short base, thereby economizing room; and (2) the elevated base for carrying and exhibiting the date-leaf. As will be noted, the transfer wires consist of one piece in Figs. 1 and 2, not including the clamping nuts. In Fig. 3 a separate back piece for supporting the sheets on the upper seat is employed. Claims 2 and 3 do not in terms call for a leaf or elevated seat, rising above the base at an angle

thereto. Claims 1, 4, and 5, call for a leaf-seat elevated above the base in a plane different from that of the base. The prior art in evidence ·seems rather limited. This condition may arise from what would seem to be a fact, i. e., that the art is such a simple one and capable of being supplied in so many simple and readily conceivable ways that possible patentable novelty would not suggest itself. The Smith patent, No. 417,106, granted December 10, 1889, for a.holder for calendars and memoranda combined, is· perhaps the most important as an article of commerce of the prior art. It differs from the patent in suit, in that: (1) Its base length is double that of one of the calendar bases; and (2) it slants from the middle in both directions, so that the leaf turned over is not easily readable by one located so as to read it before it is turned. The rear leaf is depressed, instead of elevated. It resembles the device in suit, in that: (1) It adapts itself to the use of two leaves at once, and also stores up the turned leaf; and (2) it transfers the leaves to its rear seat by wires arranged as in the patent in suit. It resembles the alleged infringing device, in that its beds are made in one integral piece. When turned bottom up, it is practically the same as the defendant's calendar, lacking, of course, the necessary attachments. If its rear or down slanting face were lifted to stand at an angle to its front bed or base, it would be complainant's device.

Defendant has introduced in evidence the patent granted to Brown, August 24, 1897, and numbered 588,631 for a holder for calendars and similar articles. Some question has arisen regarding the priority of this patent over that in suit. The application was filed November 30, 1896. That in suit was filed March 15, 1897, and granted July 6, 1897. It thus appears that they were pending at the same time in the Patent Office. No interference was declared. Defendant traces its invention back to July, 1896, and shows that the device was on the market prior to the filing of the application. This is not denied and must result in placing the Brown device in the prior art. This patent seems to anticipate every material feature of the patent in suit except: (1) The elevation of the elevated leaf-seat at an angle to the base-seat, and (2) the short base. In Brown's patent, the case or pad seat rises at one angle from the table to its further end. The leaves ·of the pad are carried over from the front to the back of the holder on wire transfers just as in the Wilson patent, and deposited upon the upper half of the gradually ascending plane or floor of the holder aforesaid, where they are plainly readable. The holder is stamped out of ·sheet metal, and in the same way a tongue is cut in the floor which can be drawn out at an angle and constituted the leg by means of which the upper end of the holder is elevated. This is placed near the end of the holder, and, consequently, requires the latter to be as long as the two leaves of the pad.

There are in evidence a number of other patents of the prior art, as, for instance, patent No. 276,643, granted to Switzler, May 1, 1883, for a calendar. Here the calendar and pad are arranged in an upright position for hanging on a wall or desk. The leaves are carried 'from an upper to a lower position upon transfer wires, or vice versa.

In this way both sides of each leaf are in full sight. It is not so convenient as Wilson's device, in that memoranda must be written upon the sheet while it is in a perpendicular position. Defendant's device differs from the patent in suit, in that: (1) Its two seats are cast in one piece; (2) the rear or elevated seat is integral with, and therefore not carried by, the base; (3) it is not elevated above the base in the sense that it is separate therefrom, as suggested by the language of complainant's claims and by the drawings, specifications, and models of the patent; and (4) there would seem to be nothing in the wire-seat arrangement of the patent in suit to suggest the solid continuous bed of defendant's calendar.

Considering the prior art and the doubtful novelty of complainant's improvements thereon, it seems plain that a construction of the patent in suit so as to hold defendant's device to be an infringement would invalidate it.

It is therefore held that infringement is not shown, and the bill is dismissed for want of equity.