**SELECTASINE PATENTS CO. et al. v. PREST-O-GRAPH CO. et al.**

(Circuit Court of Appeals, Ninth Circuit. June 19, 1922.)

No. 3628.

1. Patents ☞168(2)—Construed in view of limitations by Patent Office.

A patent must be construed with relation to rejected claims and to the state of the art, as considered by the patent office and acquiesced in by the applicant by limitation of his claims.

2. Patents ☞328—1,254,764, for method of delineating or reproducing pictures and designs, held valid and infringed.

The Owens, Beck & Steinman patent, No. 1,254,764, for method of delineating or reproducing pictures and designs, *held* not anticipated and valid, but limited to the use of a single screen; also *held* infringed.

Appeal and Cross-Appeal from the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by the Selectasine Patents Company and another against the Prest-O-Graph Company and others. From the decree, both parties appeal. Affirmed on rehearing.

For prior opinions, see 267 Fed. 840, and 276 Fed. 260.

Charles E. Townsend, of San Francisco, Cal. (Cassius R. Peck and Griffith, Leiter & Allen, all of Portland, Or., of counsel), for appellants.

Joseph L. Atkins and Leicester B. Atkins, both of Portland, Or., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. On the rehearing counsel for the patentees have argued that in our opinions we took too narrow a view of the patent-involved, by confining our consideration to the question of the use of a single, as distinguished from the use of multiple, screens, and they now press upon us the need of a broader view of the issues, contending that, inasmuch as we have a process patent before us, no interpretation is correct which would sustain anticipation by steps in the prior art and aggregating the steps, but is to be found only where the process itself is old. In this case, however, we are satisfied that the process included in the patent consists in reproducing the master pattern by tracing for each color upon a bolting cloth screen an outline from the master pattern, and by successive applications of color building up a picture.

[1] The application of a screen or screens is made as explained in the opinions filed, and need not be repeated. It was the Patent Office that determined that the process of using a plurality of screens, or a screen for each separate color, is old in the art, and the patent was granted on the theory that the process was old. Likewise, upon that very theory, the limitations which were put upon the claims of the patent by the Patent Office were acquiesced in by the patentees. Therefore the patent must be construed with relation to the rejected claims and to the state of the prior art as considered by the Patent Office. Hubbel v. United States, 179 U. S. 80, 21 Sup. Ct. 24, 45 L. Ed. 95. We were always in accord to the extent that the patentee cannot escape from the position which he took before the Patent Office, and the consequence of not having appealed from the action of the patent office; and we are not persuaded that we were in error in applying that rule to the case, for it is plain that, although the applicants made their claims for a method involving the use of a plurality of screens, they afterwards abandoned all claims to a plurality, and confined themselves to the use of a single screen.

Patentees cannot claim that they have a process in the manipulation of certain instrumentalities, the screen and the squeegee, in a certain way; yet they emphasize these matters: (1) They say that with every color put on, except the last, they lay on more color than is shown in the final result; (2) that when the second screen or stencil or layer of paint is put on, the next one defines the color immediately beneath, as it will appear in the final picture, and that in using their

process they obtain smooth continuity of surface, where the color goes over the whole surface. The obstacle that prevents giving heed to that argument is the ruling of the Patent Office, which has said that laying color upon color by the use of a plurality of screens is old, and, to repeat, it was after that ruling that the applicants limited their claims to a process restricted to the use of a single cloth screen in producing or reproducing multicolored pictures. Computing Scales Co. v. Automatic Scales Co., 204 U. S. 609, 27 Sup. Ct. 307, 51 L. Ed. 645; Weber Electric Co. v. Freeman Electric Co., 256 U. S. 668, 41 Sup. Ct. 600, 65 L. Ed. 1162; Hubbel v. United States, supra; Royal Co. v. Tweedie (C. C. A.) 276 Fed. 351.

[2] Our opinion being that the patent must be construed with regard to the restrictions acceded to in accordance with the requirements of the Patent Office, the sole remaining questions are those decided in our former consideration of the case. As to them a majority of the court adheres to the view that as limited, the patent should be sustained. From this conclusion the writer of this memorandum opinion dissents upon the ground that in his opinion, for reasons heretofore given, the letters patent should be held invalid as to claims 1, 3, 9, and 10.

The statement in the dissenting opinion that Vericel "distinctly" claimed the use of laying color upon color may be too broad, but it is none the less accurate to say that he contemplated the use of wings by which the operator, standing at one point, could pull down any wing he pleased and apply pigments, and he did state in effect that the series of stencils might be applied successively in matching order or relation, and that there is a lateral adjustment of color in respect to color.

The order of affirmance heretofore made must stand; appellants to pay three-fourths of the costs, and appellees and cross-appellants to pay one-fourth.