## GERRITY et al. v. DALLAS FOUNDRY.

(Circuit Court of Appeals, Fifth Circuit. February 7, 1925. Appellants' Application for Rehearing Denied March 11, 1925. Appellee's Application for Rehearing Denied, March 27, 1925.)

No. 4307.

1. **Patents ⚌327—Decree enjoining use of device subsequently patented held res judicata in subsequent suit.**

Decree enjoining use of device subsequently patented is res judicata in subsequent action between same parties to enjoin infringement, wherein defendant justifies in part under patent on such device.

2. **Patents ⚌168(2)—Inventor, acquiescing in rejection of broad claim and substituting narrower one, may not insist that claim allowed covers claim rejected.**

Where broad claim of invention is rejected, and inventor acquiesces and substitutes narrower claim, which is allowed, he cannot thereafter insist that claims allowed cover claim rejected.

3. **Patents ⚌112(4)—Granting of letters patent raises presumption that invention is different from one previously patented.**

Grant of letters patent raises presumption that invention is different from invention previously patented.

4. **Patents ⚌328—Rynearson patent, No. 1,092,400, held not infringed by device made under Crotto patent, No. 1,448,202.**

Device for locking and securing lids to meter boxes, made under Crotto patent, No. 1,448,202, held not infringement of Rynearson patent, No. 1,092,400.

5. **Patents ⚌327—Decree enjoining use of device res judicata in suit involving later patent for similar device.**

Decree enjoining use of device covered by particular patent is res judicata in subsequent suit involving later patent, not different from first.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Suit by the Dallas Foundry against Joe A. Gerrity and others. Decree for plaintiff, and defendants appeal. Affirmed in part, and reversed in part, with directions.

A. L. Jackson, of Fort Worth, Tex. (John F. Murphy, of Dallas, Tex., on the brief), for appellants.

K. R. Craig and J. C. Muse, both of Dallas, Tex., for appellee.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This is an appeal from a decree enjoining the appellants from infringing the claims of patent No. 1,092,400, issued to Eugene Rynearson, and now owned by the appellee. This patent was for improvements in locking and securing the lids to meter boxes. Before the patent was issued, a number of claims contained in applications therefor were rejected by the Patent Office, in which rejections the applicant, Rynearson, acquiesced, and substituted a narrower claim, which was allowed, as follows:

"What I claim is: In a locked meter box, a cylindrical box number, an annular shouldered and flanged ring secured in the upper end of the member, a cover fitting in the ring on the flanged portion thereof, a diametrical rib depending from the under side of the cover, a lug at right angles to the rib depending from the cover in position to engage the flange of the ring, a plunger passing transversely through the rib in position to engage the flange of the ring diametrically opposite to the lug, supports for the plunger on each side of the rib, and a coiled spring confined on the plunger and bearing against one of the supports."

[1] Appellants justified under patent No. 1,430,760, issued to J. A. Schley, and patent No. 1,448,202, issued to F. E. Crotto,

both of which they held by assignment. Before this suit was brought, an injunction had been issued by the District Court in a suit between the same parties against the use of the same device as was shortly thereafter patented by Schley. As no appeal was taken in that case, the merits of the Schley patent cannot be inquired into again on this appeal. The Crotto patent was issued after the decree in the earlier suit, and whether it infringes the Rynearson patent is a question proper for consideration. One of the claims of the Crotto patent is as follows:

"In a meter box provided with an inwardly projecting flange, a cover for said box having a depending lug for engaging said flange at one point of the circumference of said flange, a key-actuated plunger for engaging said flange at a diagonally opposite point from said lug and provided with locking recesses, means on the underside of said cover including integral ribs adapted to occupy said recesses for normally holding said plunger in position to be actuated by a key, means for holding said plunger in the locked and unlocked position, and means permitting a vertical movement of said plunger to pass from the locked to the unlocked position and vice versa."

The evidence discloses that a number of improvements in meter boxes, especially with reference to locking and fastening down the lids thereon, either had been patented or were in common use before Rynearson obtained his patent, and that the claim of that patent was limited by the Patent Office to the diametrical rib attached to the underside of the lid, the plunger operating through a hole in it, and the spring used in connection with the plunger.

[2] Where a broad claim of invention is rejected, and the inventor acquiesces and substitutes a narrower claim, which is allowed, he cannot thereafter insist that the claims allowed cover the claims rejected. Shepard v. Carrigan, 116 U. S. 593, 6 S. Ct. 493, 29 L. Ed. 723; Corbin Cabinet Lock Co. v. Eagle Lock Co., 150 U. S. 38, 14 S. Ct. 28, 37 L. Ed. 989; Knapp v. Morss, 150 U. S. 221, 14 S. Ct. 81, 37 L. Ed. 1059; Hubbell v. United States, 179 U. S. 77, 21 S. Ct. 24, 45 L. Ed. 95; Computing Scale Co. v. Automatic Scale Co., 204 U. S. 609, 27 S. Ct. 307, 51 L. Ed. 645.

[3, 4] A presumption arises from the grant of letters patent to Crotto that his invention is different from that of Rynearson. Kokomo Fence Co. v. Kitselman, 189 U. S. 8, 23 S. Ct. 521, 47 L. Ed. 689. A comparison of the two patents discloses, as it appears to us, that there is a difference. The Crotto device does not have a diametrical rib. The plunger is held in place by bosses or lugs, depending from the meter cover, and is secured by notches and locking recesses which hold it rigidly in place when the cover is locked. A spring is so attached that it will hold the plunger in position, whether the cover is locked or unlocked.

[5] It is to be conceded, if the Crotto patent be not different from the Schley patent, that the doctrine of res judicata would apply to the former as well as to the latter patent. But the plunger and spring in the two patents are quite different in structure, method of operation, and effect. The Schley patent is not unlike the Rynearson patent, in so far as the spring on the plunger is concerned; the only difference being that in the latter a coil spring was used, whereas in the former patent an expansive spring was used. The Patent Office recognized a difference between the claims of the Rynearson and Crotto patents, and it appears to us that the difference is real and substantial.

The decree, in so far as it enjoins the use of the Schley patent, No. 1,430,760, is affirmed, and is reversed in so far as it enjoins a use of the Crotto patent, No. 1,448,-202, with directions for further proceedings not inconsistent with this opinion.