**BEATON et al. v. TENNESSEE COAL, IRON & R. CO.**

No. 6936.

Circuit Court of Appeals, Fifth Circuit.

Feb. 23, 1934.

As Amended March 20, 1934.

Rehearing Denied March 24, 1934.

R. D. Johnston, Jr., and Henry L. Jennings, both of Birmingham, Ala., and Henry M. Huxley, of Chicago, Ill., for appellants.

Benj. T. Rauber and D. Anthony Usina, both of New York City, and Augustus Benners, of Birmingham, Ala., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

By bill in equity the appellants charged infringement by the appellee of the following claims of United States patent No. 1,517,-185, issued November 25, 1924, to George Beaton, for blast furnace tuyere:

"1. A blast furnace tuyere comprising a cylindrical body portion, an annular water jacket in the body portion, the body portion being formed with a cored out recess in the nose, and a filling of refractory material in the recessed nose.

"2. A blast furnace tuyere comprising a cylindrical body portion, an annular water jacket in the body portion, the body portion being formed with a cored out annular recess in the nose, and a filling of refractory material in the recessed nose.

"4. A blast furnace tuyere comprising a cylindrical body portion, an annular water jacket in the body portion, the nose of the body portion being formed with a recess on the side to be nearest the hearth of the furnace and a filling of refractory material in the recess.

"8. A blast furnace tuyere comprising a cylindrical body portion, an annular water jacket in the body portion, the body portion nose being formed with a recess, a filling of refractory material in the recess, the recess walls being slotted, as and for the purpose specified."

The granting of the relief sought was resisted on the grounds that the patent is invalid, and that, if it is valid, it was not infringed. The bill was dismissed; it appearing from an oral opinion rendered that the court ruled that the patent is valid, but that it was not infringed by the appellee.

■■ A blast furnace tuyere is the nozzle through which the air blast is delivered to the furnace—the furnace end of the conduit through which air is carried into the furnace. Many attempts have been made to solve satisfactorily the problem of protecting blast furnace tuyeres from the destructive effects of the intense heat to which they are subjected, or of molten metal or other things in the furnace coming in contact with them, tuyeres being located in the zone of the furnace into which come molten metal and other things produced or let down in the operation of the furnace. Without such protection, the life of a blast furnace tuyere is brief, it being soon destroyed when the furnace is in operation, with resulting interruptions of operation, and consequent increase in the expense of metal production. No one of the elements included in the combination described in any of the above set out claims of the patent was novel. Prior to the issue of the patent, there had been in use tuyeres the body portions of which were cylindrical, tuyeres the body portions of which were cooled by being encased in water jackets, tuyeres the body portions of which were formed with recesses or cavities in or near the nose, and tuyeres having refractory material placed or fixed in or about their noses, with the purpose of preventing or arresting the fusing or melting of the metal of which the bodies of the tuyeres were made. The above set out claims of the patent sued on covering only combinations, none of those claims was infringed by a device which did not embody all the elements of at least one of those combinations. Each of the elements of the combinations described in those claims being old, the patent is not a pioneer one, and the patented combinations are of such a narrow character of invention that the patentee is not entitled to any considerable range of equivalents, but must be practically limited to the means shown by the inventor. Computing Scale Co. v. Automatic Scale Co., 204 U. S. 609, 621, 27 S. Ct. 307, 51 L. Ed. 645.

Appellee's alleged infringing tuyere comprises a cylindrical body portion, an annular water jacket in the body portion, and cavities or recesses extending from the surface of the end of the nose in the direction of the water jacket, and being concentric and parallel, with the result of forming three circular parallel ribs or flanges surrounding the round

mouth or opening of the nose, and extending throughout the circumference thereof; one of those ribs or flanges being the wall of the mouth of the nose, another forming the outer rim of the nose body, and the third being between the other two and separated from each of them by a space which is empty when the tuyere is installed in a blast furnace and put into use. A tuyere embodying the elements of any of the claims in question of the patent sued on differs from the alleged infringing one, in that the former, when installed in a furnace and put into use, has refractory material in the cavity or recess formed in its nose body, while the latter, when installed in a furnace and put into use, has empty cavities or recesses in the body of its nose, no refractory material ever being therein except such as may get into them during the operation of the furnace. Evidence showed that, after appellee's tuyere is installed in a furnace and put into use, substances, mostly slag, as a result of forces brought into play by the operation of the furnace, may, and frequently do, get into the cavities or recesses of the nose part, though sometimes such cavities or recesses remain empty or only partially filled for considerable periods during which the furnace is in operation.

Construing the claims in question of the patent in suit in the light of statements in the specification of the patent as to the use of refractory material, there is some ground for a contention that the refractory material contemplated by the patentee is such as existed before the tuyere is completed and put into use, and does not include a refractory material, such as slag, which comes into existence as a result of the operation of a furnace after the tuyeres have been installed therein. The specification contains an enumeration of sundry materials, each of which may be the refractory material called for by the description in a claim in question of one of the elements of the patented combination. Slag is not mentioned in that enumeration. Nothing contained in the patent indicates that the patentee contemplated that anything used or produced in the operation of a blast furnace might serve the purpose of the element of any of the patented combinations which includes the use of a refractory material. According to testimony introduced by the appellee, the term "refractory," as used in blast furnace practice, does not include slag. However that may be, and though slag is to be regarded as a refractory material contemplated by the patentee, due significance and effect must be accorded to the fact that appellee's tuyere is not protected by any refractory material until after the tuyere is put into use, but thereafter may be afforded some such protection as a result of slag, during the operation of the furnace, getting and remaining in the previously empty recesses or cavities formed in the tuyere's nose body.

Though, by reason of the probability of slag getting and remaining in the recesses or cavities formed in the nose part of appellee's tuyere while the furnace in which the tuyere is installed is in operation, that tuyere is to be regarded as embodying a provision for its protection by a refractory material, the means of providing such protection are different from those called for by the description in each of the claims in question of the patent in suit of one of the elements of the patented combination. In the former the protection of the tuyere by the presence in part of its nose body of a refractory material, slag, is not provided by the maker or finisher of the tuyere, but comes about as a result of forces brought into play by the operation of the furnace after the tuyere has been installed therein and put into use. In the latter the means of protecting the tuyere by a refractory material are provided by the maker or finisher of the tuyere before it is put into use. As to the feature of an element of each of the patented combinations in question which calls for a filling with refractory material of a recess or cavity in the nose body of the tuyere, the means of effecting such filling differ materially from the means whereby, during the operation of a furnace in which appellee's tuyeres are installed, things used or produced in the furnace while in operation may get and remain in the previously empty recesses or cavities formed in those tuyeres, with the result that one or both of such recesses or cavities in each of those tuyeres may cease to be wholly empty, though part of the spaces therein frequently may continue to be empty. As to the element of a patented combination in question which has reference to the use of a refractory material, the patentee is practically limited to the means disclosed in his claim. It cannot reasonably be said that means which come into existence as a result of forces brought into play by the operation of a blast furnace, and which are not controlled or directed by any human agency, are the same or an equivalent of means selected and installed by the maker or finisher of a mechanical device. Between the means of protecting the metal part of blast furnace tuyere embodying the elements of a patented combination in question and the means whereby a similar result may ensue from the use

of appellee's tuyere after it has been installed in a furnace, there is such a variation as to avoid infringement of the former by the latter. Cimiotti Unhairing Co. v. Am. Fur. Ref. Co., 198 U. S. 399, 414, 25 S. Ct. 697, 49 L. Ed. 1100; Computing Scale Co. v. Automatic Scale Co., supra; Stebler v. Porterville Citrus Ass'n (C. C. A.) 248 F. 927; Walker on Patents (6th Ed.) 5011.

We conclude that the alleged infringement was not proved. Infringement of the patent sued on not being shown, it is not necessary to pass on the question of its validity.

The decree is affirmed.