## McCLINTOCK v. GLEASON et al.
### No. 8441.

Circuit Court of Appeals, Ninth Circuit.
Jan. 24, 1938.

L. Scott Noble, of Glendale, Cal., for appellant.

Charles E. Hobart, of Los Angeles, Cal., for appellees.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

The appeal is upon an agreed statement on appeal pursuant to Equity Rule 77, 28 U.S.C.A. following section 723, in which it is stated that the principal questions on appeal are:

"1. Is the device described in plaintiff's U. S. Patent No. 1,929,366 anticipated by the prior art?

"2. Do plaintiff's Exhibits T–1 and T–2 infringe patent in suit?

"3. If (1) above is answered in the negative, and (2) above in the affirmative, is defendant H. E. Pearson guilty of infringement?"

On July 1, 1935, appellant filed a bill of complaint alleging ownership of letters patent No. 1,929,366 and infringement of the same by appellees. In their answer, filed August 5, 1935, appellees allege that in view of the prior art existing at the time of the alleged invention described in appellant's patent, the patent did not disclose or show any invention and was invalid. Appellees also denied infringement of the patent. The defendant John P. Gleason admitted the manufacture and sale "of the alleged infringing devices" (Exhibits T–1 and T–2).

The matter was heard before a special master, who found that the patent was invalid for want of invention. In regard to the defense of noninfringement the master stated that assuming that the patent was valid, a construction of the patent which would grant it validity could not support a finding of infringement. He also found that "there was not sufficient evidence to connect the defendants H. E. Pearson and the Gleason-Pearson Co., Inc., with the alleged infringing acts." Appellant excepted to the report of the special master. The District Court overruled the exceptions and, after consideration of the evidence, made separate findings of fact. It found

that "defendants, H. E. Pearson and Gleason-Pearson Co., Inc., were not engaged in any enterprise carrying on any of the alleged infringing acts set forth in plaintiff's bill in equity." It also found that the invention described in the patent was anticipated by the prior state of the art and was invalid and that the devices manufactured and sold by the appellee Gleason did not infringe the alleged invention disclosed in appellant's patent.

Appellant assigns as error the finding of the District Court that patent No. 1,929,-366 issued to appellant was anticipated by the prior art and is invalid.

We will first consider prior art patents.

The decorative device covered by the patent is an article simulating green leaves of "parsley, spinach, carrot tops, kale, lettuce, etc.," to be used for display purposes, principally for the decoration of the stands and windows containing raw meat in meat markets. The leaves are made from a strip of green sheet rubber which may be manufactured with shiny spots which glisten giving the appearance of freshly sprinkled greens. One edge of the strip of green rubber is cut in a pattern to imitate the leaves. The other edge of the strip is gathered into folds, or pleats, to be retained in the desired form by a U-shaped metal clamping device of any appropriate length giving rigidity to the finished article when clamped upon the folded edge of the rubber strip. The folding of the lower edge of the rubber strip gives a bunched effect to the green rubber leaves. The device of making decorations by pleating or folding and giving rigidity by a metal rod or wire was disclosed in letters patent No. 659,937 issued October 16, 1900, to L. J. Olden.

That the patent is limited, is shown by an examination of the file wrapper. It there appears that the application for appellant's patent was filed February 7, 1933, and that a number of claims were proposed and refused. It further appears the Examiner cited the Olden patent, No. 659,-937, supra, and patent No. 1,754,670 issued April 15, 1930, to James B. Crockett for the manufacture of artificial flowers from sheets of rubber, and that a conference was held with the applicant's attorney after which the applicant, on August 31, 1933, amended his claims, stating that at the interview it was pointed out "that the most distinctive feature of the invention was that one longitudinal edge of the rubber strip, after gathering and folding, is put in

a substantially U-shaped clamp, which clamp embraces and compresses this longitudinal edge, holds the folds in proper relation to each other and provides a rigid backbone for the article whereby it can be readily handled and placed in position around the showcase." He also declared: "The patent to Crockett shows the use of rubber to which applicant makes no claim per se. The patent to Olden shows a stiffening wire f, but this reference does not show a U-shaped clip or holder which embraces and compresses the article." The amended claims were allowed. Under these circumstances the article claimed as invention must be construed as limited to a combination with such a clamping device. Hubbell v. United States, 179 U.S. 77, 21 S.Ct. 24, 45 L.Ed. 95; Computing Scale Co. v. Automatic Scale Co., 204 U.S. 609, 27 S.Ct. 307, 51 L.Ed. 645; Selectasine Patents Co. v. Prest-O-Graph Co., D.C., 267 F. 840. The use of rubber in the case at bar merely amounts to the substitution of equivalents and does not amount to invention. Highway Appliances Co. v. American Concrete, etc., Co., 93 F.2d 113, decided November 19, 1937 by U. S. Circuit Court of Appeals for the Seventh Circuit; see Walker on Patents, 6th Ed., vol. 1, p. 501, § 412.

The most distinctive element of appellant's invention was not the use of rubber, but the clamping device which was disclosed by the Gleason patent, No. 1,898,-769, granted February 21, 1933.

The strong presumption of validity arising from the granting of a patent is weakened when it appears that the patent is granted without reference to pertinent prior art such as the Gleason patent. American Soda Fountain Co. v. Sample, 3 Cir., 130 F. 145; Elliott & Co. v. Youngstown Car Mfg. Co., 3 Cir., 181 F. 345; Westinghouse Electric & Mfg. Co. v. Toledo, etc., R. Co., 6 Cir., 172 F. 371; Stoody Co. v. Mills Alloys, Inc., 9 Cir., 67 F.2d 807.

We conclude that as the novelty of appellant's combination patent depends upon the use of the clamping device in the combination and as the Gleason patent discloses this device in combination with the same elements or equivalents used in appellant's invention, appellant's patent is invalid because anticipated by the prior art. In view of this conclusion there can be no infringement.

Decree affirmed.