**AIR DEVICES, Inc.**

v.

**AIR FACTORS, Inc. et al.**

**No. 12921.**

United States Court of Appeals,
Ninth Circuit.

Feb. 15, 1954.

Rehearing Denied March 24, 1954.

Lyon & Lyon, Reginald E. Caughey, Los Angeles, Cal., James C. Ledbetter, New York City, for appellant.

C. A. Miketta, W. W. Glenny, Los Angeles, Cal., for appellees.

Before STEPHENS, HEALY and POPE, Circuit Judges.

POPE, Circuit Judge.

The former opinion, given prior to rehearing herein, is withdrawn, and this one filed in its stead. This is an appeal from a judgment in an action for infringement of Harrigan Patent 2,240,-617, issued May 6, 1941. The trial court D.C., 94 F.Supp. 819, held that the claims in issue, 1, 2 and 5, were not infringed. It held that the patent was valid if limited to the specific construction described in the patent.

The patent discloses a device for introducing air into a room, called an "air distributor". It is a grill constructed with a combination of louvers and vanes. The louvers are spaced, in an inclined position, parallel to each other and parallel to the sides of the frame in which

they are placed. Upon one surface of each of the louvers are vanes extending in an oblique direction relative to the longitudinal dimension of the louvers.

The court found that the patent in suit was in a crowded field; that many prior patents had used inclined louvers and vanes to control and direct air passing therethrough; that these had disclosed constructions so similar to the one here involved that the claims in suit amount to a combination of old elements, and that in order to escape invalidity by being read so broadly as to read upon the prior art, they must be restricted to the specific device described in the patent. The court found that the accused device, manufactured by the defendant-appellees, had substantially different mechanical construction and means of operation from that of plaintiff-appellant. It held the claims of plaintiff's patent valid when so limited to the specific construction described, but that the device made by defendants did not infringe those claims.

Upon this appeal plaintiff attacks the court's conclusion that its claims must be limited to the specific construction described in the patent in suit. It admits the patent is not a basic one, but urges that it represented a material advance in the art, even although that art was crowded. It claims that the court should apply the doctrine of equivalents. If the patent is entitled to a range of equivalents, then, it says, defendants have infringed. It points to experiments performed in the trial court, some of them repeated in this court, showing that exhibit 4, one of plaintiff's structures, and exhibit 5, one of the accused devices, distributed air into a room in substantially the same way.

The first of the three claims here in issue reads:

"1. An air-distributing device comprising a plurality of plates disposed in spaced, substantially parallel relation, the front edges of said plates lying in substantially a single plane, and said plates being inclined relatively to said plane, and vanes provided on one surface of each of said plates, said vanes extending in an oblique direction relatively to the longitudinal dimensions of the plates."

It is noted that the vanes are stated to be on but one surface of the plates. And the only way in which such inclined vanes can be so placed is through the use of triangular vanes, as the specifications note.

Now, as the trial judge said, plaintiff "admitted that the normal and expected function of plate-like louver elements arranged in parallel spaced relation in an air distributor or grill is to form passageways, between such louver elements which direct air passages through it. It was also conceded that long before the patent in suit, it was known in this country that the direction of flow of air through a grill could be controlled by the angles of the planes in which the louver elements were placed. The prior art shows various elements of louver plates or baffles and vanes."

■ If these claims, all in respect to the question now before us substantially the same as the one just quoted, were to be construed so as to encompass these well-known features and functions of louvers and vanes, they would be void as broader than the true invention. As this court said in Nye & Nissen v. Kasser Egg Process Co., 96 F.2d 420, 424, quoting from an earlier decision: " 'Plaintiff is to be held to a construction of his patent whereby nothing shall be included which is disclosed by prior patents of devices prevailing in public use or known to the public.' "

■ It follows that the district court properly held that the claims in order to escape invalidity, must be given a narrow construction. So construed, "it is of that narrow character of invention which does not entitle the patentee to any considerable range of equivalents, but must be practically limited to the

means shown by the inventor." Computing Scale Co. v. Automatic Scale Co., 204 U.S. 609, 621, 27 S.Ct. 307, 312, 51 L.Ed. 645.

It is quite apparent that the accused device employs a different construction and a different mode of operation than that covered by the claims in plaintiff's patent. We have noted plaintiff's triangular vanes, all on one side. Defendants have not used this construction.

The court also found as a fact that the defendants' device operated differently from that of the plaintiff in that the former has two separate and distinct mechanical means for successively deflecting the air in two steps, whereas plaintiff's imparts but a single deflection. The evidence warrants that finding. And since this double step, successive deflection process was admitted by plaintiff's own witnesses to have been known in the prior art, it is plain that no permissible range of equivalents can permit plaintiff's claims to bar the use by defendants of that which was not new. "The range of equivalents to be allowed cannot be extended to cover means which have clear antecedents in the prior patented art." International Harvester Co. v. Killefer Mfg. Co., 9 Cir., 67 F.2d 54, 61. The same principle applies here.

The fact that the two devices accomplish the same result, or perform the same function, settles nothing about infringement. Westinghouse v. Boyden Power Brake Co., 170 U.S. 537, 554, 18 S.Ct. 707, 42 L.Ed. 1136; Cimiotti Unhairing Co. v. Am. Fur Ref. Co., 198 U. S. 399, 414, 25 S.Ct. 697, 49 L.Ed. 1100. Identity of result is no test. Stebler v. Porterville Citrus Ass'n, 9 Cir., 248 F. 927. As the results obtained are not secured by the same means, or by a device operated in the same manner, or in substantially the same manner, the several devices are not equivalents. Leishman v. Associated Wholesale Electric Co., 9 Cir., 137 F.2d 722, 727.

The judgment is affirmed.