McCASLIN v. LINK BELT ENGINEERING CO. et al.

(Circuit Court of Appeals, Second Circuit. May 22, 1906.)

No. 228.

PATENTS—INFRINGEMENT—ENDLESS CHAIN CONVEYOR.

The McCaslin patent, No. 503,870, for an endless chain conveyor, claims 2 and 4, construed, and *held* not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree (139 Fed. 393) dismissing bill alleging infringement of complainant's patent No.

503,870, granted to George W. McCaslin, August 22, 1893, for an endless chain conveyor.

Thomas Ewing, Jr., for appellant.

Francis W. Parker and Charles Howson, for appellees.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. In view of the discussion by the court below in its opinion of the questions at issue herein, it is only necessary to state our conclusions upon one or two points specially pressed upon our attention in the argument of the appeal.

The patentee, near the close of the specification, says as follows:

"The guard rail, i, performs a special function in the construction of Fig. 1. If there were no device for preventing the tilting of the buckets. in case two adjacent buckets were unequally loaded, there would be a collision at the point where the buckets leave the lower horizontal track and pass onto the ascending track."

The second claim covers the entire machine, comprising, inter alia:

"Gravity buckets * * * provided with overlapping lips as described, and means substantially as described for preventing the collision of the loaded buckets at the point where they pass from the lower track to the ascending track, as set forth."

In our opinion it is immaterial whether this claim does or does not cover complainant's specific method of hanging the buckets in the chain, which it is asserted defendants do not use, because, in view of the insertion in the claim of the construction referred to in the language of the specification quoted above as performing a special function, the guard rail must be read into the claim as one of the means for preventing collision as the loaded buckets commence to ascend. As defendants have no such guard rail and no equivalent therefor they do not infringe said claim.

The question of infringement of the fourth claim was not specifically discussed by the court below. It is argued that defendants use means equivalent to those specified and claimed "for tilting the buckets and shifting the lap of said lips when the buckets move onto the descending track." If the patent in suit covered a primary or generic invention, we should be inclined to hold that defendants' construction was, broadly speaking, the equivalent in function and operation of that of the complainant. But this patent did not first disclose a construction of lips so overlapping as to prevent spilling between the buckets, nor means for tilting or turning such buckets so as to change the overlap in order to avoid collision, for both of these results were accomplished by the invention of McCaslin's prior patent, No. 486,809, in a machine which was practically operative, and successfully used. Nor was he even the first to devise the positive means of the patent in suit for changing an overlap at the point of a curve, for the Davidson patent showed means practically identical, consisting of double-lipped conveyors so tilted out of position by positive cam action with a definite angular relation of the lips to each other as to accomplish the shifting of the overlap of the lips in the same manner as in the patent in suit. We concur with the court below in the view that the Davidson patent

was for a prior invention, and that it is here to be considered merely to construe the claims in suit, and not to anticipate them. What was really new with McCaslin in the patent in suit was the double-lipped gravity bucket. The double lip of this bucket effected two results, the one to balance, and thus secure the symmetrical position of lipless buckets, the other to provide a covering for the whole space between the buckets to avoid spilling when loading. But this latter object was equally accomplished in the single-lipped bucket of the prior McCaslin patent, as shown above. By this patent he created an obstacle in operation, namely, double lips, and thereby having combined the advantages of the symmetrical balance of the old lipless buckets with the bridging of the single-lipped bucket of his prior patent, he devised special means to get rid of said obstacle and to prevent collision, namely, cams to positively cause tilting, and guards for holding the buckets in position at a certain point, neither of which means is used by defendants.

It is claimed that in the machine complained of as an infringement there is, in fact, a slight tilting of the buckets for shifting the laps. But we do not find either in the patent or in the illustrative model any indication that its construction requires any tilting movement for this purpose in the operation of the device. We conclude, therefore, that the status of the patent is such that the reasoning of the court below properly applies to the fourth, as well as to the second, claim, and we concur in the conclusion that the bill should be dismissed.

The decree is affirmed, with costs.