## STEBLER v. PORTERVILLE CITRUS ASS'N.

(Circuit Court of Appeals, Ninth Circuit. February 11, 1918. Rehearing Denied April 1, 1918.)

### No. 3052.

1. PATENTS ⬤═328—INFRINGEMENT—FRUIT GRADER.

The Thomas Strain patent, No. 775,015, for a new and useful fruit grader, which evenly distributed fruit in bins, *held* not infringed by defendant's machine.

2. PATENTS ⬤═241—INFRINGEMENT—IDENTITY OF RESULT.

That defendant's machine accomplished the same result as complainant's patented device does not show infringement, where there was a variation in the means used.

Appeal from the District Court of the United States for the Northern Division of the Southern District of California.

Suit by Fred Stebler against the Porterville Citrus Association, for an injunction restraining an infringement of complainant's patent and a decree for profits realized and damages sustained by reason of the infringement. From a decree for defendant, complainant appeals. Affirmed.

The complainant, Stebler (appellant), is the owner of United States letters patent numbered 775,015, for a new and useful fruit grader, granted to Thomas Strain on November 15, 1904. Complainant charges the defendant with making, using, and selling fruit graders embodying and containing the invention covered by said letters patent, and by his bill of complaint, filed February 11, 1916, he seeks to restrain the defendant from such infringing acts, and to recover damages sustained by complainant by reason thereof, and profits realized by defendant upon the sale of such invention.

Complainant's title to the patent is undisputed, but the defendant in its answer denies that any new or useful invention was contained in said patent, and sets up some 12 anticipatory patents, denies infringement of the same, and avers that the patent is wholly void and of no effect. The suit was combined for final hearing with another cause between the same parties, involving the use of the same machines by the defendant, but claimed to infringe other patents of the complainant. The court dismissed the bill of complaint in this case, and gave judgment to the defendant for its costs. From that judgment complainant appeals.

Frederick S. Lyon, of Los Angeles, Cal., for appellant.

Nicholas A. Acker, of San Francisco, Cal., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. [1] It is contended that the fruit graders manufactured and sold by the defendant company contain such features of the complainant's invention, covered by letters patent No. 775,015, as to constitute infringement thereof. That an identity of results is produced by the two devices is granted; but it is claimed by defendant that there is not identity of means and operation.

The claims of complainant's patent said to be infringed comprise, briefly speaking, traveling means for conveying fruit along a definite

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

line of travel, consisting of grading and conveyor belts, inclined grading rods, a series of bins for receiving the fruit from the traveling belts, and a series of barriers or arresting members devised to guide and direct the sized fruit to any desired discharge point in the receiving bins; some of these barriers being fixed and some adjustable.

The principal object of the invention being the equal distribution of the sized fruit throughout the bins, particular attention must be paid to the devices which control this feature of the invention. The first is the slender, flexible, rotating grading rod, capable of being flexed at predetermined points to provide a series of discharge apertures; each constantly increasing in dimensions. This rod lies along the line of travel, above the conveyor belt, and in operation rotates in a direction away from the belt. The various sizes of fruit escape at the various apertures, and are carried by the conveyor belt to certain guards, against which the fruit rests until the belt has traveled a sufficient distance to bring it opposite a desired bin, at which point the deflector shunts the fruit into the bin. The guards and deflectors are so arranged that the fruit is distributed evenly to all parts of the bin.

The action of the grading rod is controlled in two ways, according to the specifications; the space between the rods and the conveyor belt being adjusted by raising or lowering the rods by means of the arms on which they rest, or by raising or lowering the hinged leaves which are a part of the supporting table over which the belt travels. Although the latter method is referred to as preferable in the specifications, the testimony discloses that it was not in fact used by the complainant in the operation of his machines. It is to be noticed that the position of the grading rod is not an absolutely fixed one, but is so arranged that it can be quickly adjusted and altered when desired.

In the defendant's machine the grading is accomplished by means of a series of nine rollers rotating in unison, but definitely fixed in position at varying spaces from the conveyor belts, thus forming apertures through which the different sizes of fruit escape into the nine bins provided to receive the sized fruit. The fruit then rolls by gravity into the bins opposite the respective discharge apertures, instead of being carried thereto by the conveyor belts, as in the complainant's device. Under normal conditions the distribution in the bins is accomplished without further devices, according to the testimony; but, when a greater number of one particular size of fruit is running than the packers can easily handle in one bin, a longitudinally adjustable barrier or small slat, arranged parallel with the conveyor belt, is placed by the packers in the groove of the supporting table arranged to receive it, which arrests the flow of the fruit, and changes its direction and deflects it to a point within the bin desired by the operator.

In support of the defendant's defense of anticipation the prior patents issued to Banker, Gunckel, Ayer, Jones, Hutchins, Ish, Hutchins, Rice, Richards, Stevens, Cerruti, and Nelson, respectively, are relied upon. From the proceedings in the Patent Office, as shown by the file wrapper and contents introduced on the trial of this case, it appears that all of these patents, with the exception of the Stevens and Cer-

ruti devices, were before the examiners and considered by them before the issuance of patent to the complainant's assignor, Thomas Strain. The Stevens patent was introduced as an exhibit in this case, and we find the machine there disclosed is not the same in means and operation—the conveyor belt being absent, and the fruit reaching the bins by gravity only; further, that it is not adapted to the sorting of oranges.

This court reviewed the state of the prior art in relation to fruit graders in the case of Stebler v. Riverside Heights Orange Growers' Ass'n et al., 205 Fed. 735, 124 C. C. A. 29, and 240 Fed. 703, 153 C. C. A. 501. The complainant there was the complainant here. He was there suing to maintain his rights under the reissue patent, No. 12,297, issued December 27, 1904, to Robert Strain, and later assigned to the complainant, and the defendant there was using a device made under patent No. 997,468, issued July 11, 1911, to one George D. Parker. In the first case (205 Fed. 735, 124 C. C. A. 29) the validity of the Robert Strain reissue patent was upheld, and infringement thereof by the Parker patent was found. In the second case (240 Fed. 703, 153 C. C. A. 501) the patent complained of was a modified form of the Parker patent, designed to avoid the infringing elements found in the first instance. This court there held that in the modified form the device was not an infringement of the Robert Strain patent.

[?] The defendant herein contends that its device is the same Parker modified device, "excepting, in lieu of adjusting the roller units toward and from the endless conveyor to vary the area of the discharge outlets of the fruit runway, the narrow endless conveyor belt is adjusted toward and from the roller units of the fruit runway," and that, if it is not an infringement of the Robert Strain reissue patent, No. 12,297, issued December 27, 1904, it cannot be held to infringe the Thomas Strain patent, No. 775,015, issued November 15, 1904.

An examination of the two patents does not disclose such similarity of means as to make such a conclusion imperative. The Thomas Strain device uses grading mechanism consisting of one long, slender, rotating, flexible rod, while the Robert Strain device uses a series of rotating rollers, capable of adjustment at different distances from the belt, to provide for the discharge apertures of varying dimensions. The same result is accomplished, but by a different mechanical arrangement; and as to the distributing features a still greater difference is observed. Indeed, the principal inventive idea of the Thomas Strain patent seems to be contained in the arrangement for the even distribution of the sized fruit in the bins, by the use of guards and deflectors above the conveyor belt, thereby controlling the ejection of the fruit from the grader into the bins, in place of allowing the unrestricted flow by gravitation, the common means used in the art for a long period of time.

We do not think the Thomas Strain patent and the Robert Strain patent are sufficiently identical, therefore, to make a device found to be an infringement of the Robert Strain patent, as this court did in Stebler v. Riverside Heights Orange Growers' Ass'n, 205 Fed. 735, 124 C.

C. A. 29, a consequent infringement of the Thomas Strain patent, as claimed by the complainant in this case.

Coming, now, to the defendant's device, it remains only to consider the distributing features thereof. No control over the ejection of the fruit from the grader is provided; the fruit merely rolling by gravity into the bins opposite the various discharge apertures. There are, it is true, longitudinally adjustable barriers, which may be placed in grooves of the supporting table, to arrest the flow of the fruit and change its direction to another point in the bin, and these are claimed to infringe the deflectors and stationary guards of complainant's patent. But we regard this feature as one which would naturally suggest itself to any one using a grading machine operating by gravity, and is, in fact, a mere dividing of the quantity of fruit which is being handled through a particular aperture, and not a new or inventive operation.

While the same result is accomplished in the defendant's machine as in the complainant's, there appears to be such a variation of means as to avoid infringement in the features complained of. Cimiotti Unhairing Co. v. American Fur Ref. Co., 198 U. S. 399, 25 Sup. Ct. 697, 49 L. Ed. 1100.

The judgment of the District Court is affirmed.