## PACIFIC STATES ELECTRIC CO. v. WRIGHT.

(Circuit Court of Appeals, Ninth Circuit　January 9,. 1922.)

### No. 3715.

1. **Patents ☞173—Improvement on electric cooking apparatus held not pioneer invention.**

    A patent for an electric cooking apparatus, which combined in different form elements previously well-known in the art, and the specification for which expressly declared it was an improvement on the prior art, does not embody a pioneer invention, so as to be entitled to a generic claim.

2. **Patents ☞226—Device substantially differentiated does not infringe.**

    If the device embodied in the patent can be substantially differentiated from defendant's device, the charge of infringement is not sustained.

3. **Patents ☞236—Transformation of parts effecting substantially different operation avoids infringement.**

    Though a change in the relative position of the parts of a machine does not avoid infringement, where the parts perform the same respective functions after the change as before, the change of those positions which changes the functions of the several parts, so as to give the machine a substantially different mode of operation, does avoid infringement, though the ultimate result remains the same.

4. **Patents ☞46—Claim for combination must disclose operative combination.**

    A claim for combination, to be valid, must be for an operative combination, so that there cannot be eliminated therefrom an element without which the device would not operate.

5. **Patents ☞328—1,214,486, claims 5 to 9, for electrical cooking device, held not infringed.**

    The Wright patent No. 1,214,486, claims 5 to 9, for electric cooking apparatus, *held* not infringed by a device effecting substantially the same result, but without using one element of the claims which, according to the declaration of the patentee, was one of the principal parts of his invention.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suit for infringement of patent by William D. Wright against the Pacific States Electric Company. Decree for complainant, and defendant appeals. Reversed and remanded, with directions to dismiss the bill.

Raymond Ives Blakeslee, of Los Angeles, Cal., and John P. Bartlett, of New York City, for appellant.

Frederick S. Lyon and Leonard S. Lyon, both of Los Angeles, Cal., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROSS, Circuit Judge.   The appellee is the patentee of letters patent 1,214,486, issued January 30, 1917, for "electric cooking apparatus," stating in his specification that his invention relates to improvements in electric heating apparatus, more particularly to be used for grilling and waffle baking purposes, but which may be also used for any purpose of the ordinary electrically heated stove, and which may be folded up so as to occupy a small space when not in use, and which provides a large heating surface when unfolded.   One of the objects of the invention, as declared in the specification, was:

"To provide a device of the kind that may be quickly converted from one use to a different use, as from a waffle iron to a grill, or to a device providing a large heating surface when required."

And the specification declared the principal parts of the invention to be:

"The base or grill member *a* (shown upon the drawings accompanying the specification), the lower waffle member *b*, and the upper waffle member *c*."

After stating that the waffle member *b* is preferably made of aluminum, and may be of any shape desired, but that the patentee's preferred construction is an oblong rectangular shape, the specification proceeds to describe at length both of the waffle members and their connection, as also the wires for the electrical heating and the insulating material, and concludes the specification with the statement:

"Although I have described my improvements with considerable detail and with respect to certain particular forms of my invention, I do not desire to be limited to such details since many changes and modifications may well be made without departing from the spirit and scope of my invention in its broadest aspect."

The first five claims related to and covered the grill member of the invention and are not for consideration, since it was only the last four claims which were adjudged by the court below to have been infringed by the appellant.   Those claims are as follows:

"6. In a device of the class described, a pair of casings pivotally connected together, a waffle member provided with an aluminum baking surface mounted in each of said casings so that each of said aluminum baking surfaces covers the upper edge of one of said casings, and means mounted in said casings between said casings and said waffle members for electrically heating said waffle members.

"7. In a device of the class described, a pair of casings pivotally connected together, a waffle member provided with aluminum baking surfaces mounted in each of said casings so that their surfaces extend past the edges of said casings, means mounted in said casings between said casings and said waffle members for electrically heating said waffle members, consisting of an electrical heating element adjacent said waffle member and a nonconducting element spacing said electrical heating element from said casing.

"8. In a device of the class described, a pair of box-shaped casings pivotally connected together so as to fold one upon the other, a waffle member mounted in each of said casings provided with outwardly extending flanges extending past the edges of said casing, whereby said waffle members are supported on the edge of said casing and spaced apart from the bottom thereof, and electrical means mounted in the space between said waffle member and said casing for heating said waffle member.

"9. In a device of the class described, a pair of box-shaped casings pivotally connected together so as to fold one upon the other, a waffle member mounted in each of said casings provided with outwardly extending flanges extending

past the edges of said casing, whereby said waffle members are supported on the edge of said casing and spaced apart from the bottom thereof, electrical means mounted in the space between said waffle member and said casing for heating said waffle member, consisting of an electrical heating element adjacent said waffle member and a nonconducting element spacing said electrical heating element from said casing."

[1] There is no doubt that a pioneer inventor is entitled to a generic claim, but the record in the present case affords, in our opinion, no ground for the contention that the appellee occupies any such position. The various patents introduced in evidence show that various forms of electrical cooking apparatus were well known in the prior art, as was also aluminum as a cooking surface, and electrically heated waffle irons hinged together had also been made and publicly sold. What the appellee did was to improve upon the prior art, and, as has been shown, that was what he expressly declared in his specification.

[2] We therefore think the court below was quite right in its conclusion that the claims in question should receive a narrow construction, and the patent be limited to the precise device therein described. And it is well settled law that, if the device embodied in the appellant's patent can be substantially differentiated from that of the appellee, the charge of infringement cannot be maintained. Eaid et al. v. Twohy Bros. et al., 230 Fed. 444, 447, 144 C. C. A. 586; and cases there cited. See, also, Simplex Window Co. v. Hauser Reversible Window Co., 248 Fed. 919, 926, 161 C. C. A. 37; Stebler v. Porterville Citrus Ass'n, 248 Fed. 927, 930, 161 C. C. A. 45.

[3] It is apparent from a comparison of the devices of the appellant and appellee that they both produce the same result. The real question is: Do they do so by substantially the same means? And we repeat what we said under like circumstances in Simplex Window Co. v. Hauser Reversible Window Co., 248 Fed. at page 926, 161 C. C. A. 44:

"It is needless to cite the numerous cases in support of the law clearly stated in section 348 of Walker on Patents, the substance of which is that changing the relative position of the parts of a machine does not avert infringement, where the parts transformed perform the same respective functions after the change as before, but that such change does do so where the changing of those positions so changes the functions of the parts that the machine acquires a substantially different mode of operation, even though the ultimate result remains the same."

[4] Both the drawings and the specifications of the appellee's device show that both its lower and its upper waffle members are separately pivotally connected with its base or grill member, which three parts the patentee, as has been shown, expressly declares to be the principal parts of his invention. It is plain, therefore, that to eliminate either one of those parts is, as is said for the appellant, to destroy not only the structure but the law of operation of the device of the appellee. That a claim for a combination to be valid must be for an operative combination is clear. F. F. Slocomb & Co., Inc., v. Layman Machine Co. (D. C.) 227 Fed. 94, 104; Id., 230 Fed. 1021, 144 C. C. A. 286; M'Caslin v. Link Belt Machinery Co. (C. C.) 139 Fed. 393; Id., 147 Fed. 243, 77 C. C. A. 385.

In Wilson & Willard Mfg. Co. v. Union Tool Co., 249 Fed. 729, 731, 161 C. C. A. 639, 641, this court said:

"To make one mechanical device the equivalent of another, it must appear, not only that it produces the same effect, but that such effect is produced by substantially the same mode of operation."

[5] The waffle members of the appellant's device being directly pivoted together, its mode of operation is necessarily substantially different from that of the device of the appellee, and the base or grill of the latter, constituting, according to the express declaration of the patentee, one of the principal parts of his invention, has no corresponding element in the device of the appellant.

It is apparent, we think, that the two devices are substantially unlike, and, accordingly, the decree must be reversed, and the case remanded, with directions to the court below to dismiss the bill, at complainant's cost.

So ordered.