[Civ. No. 5013. First Appellate District, Division One.—December 28, 1925.]

EDWARD H. BENJAMIN, Respondent, v. NORRIS K. DAVIS, Appellant.

[1] PATENTS—INFRINGEMENT—FINDINGS—EVIDENCE.—In this action to recover certain minimum royalties provided to be paid to plaintiff by defendant pursuant to the terms of a written contract entered into between them, whereby plaintiff granted to defendant the sole right to manufacture a certain centrifugal impact ore pulverizer upon which letters patent had been issued to plaintiff by the United States patent office, and agreed to protect defendant against any infringement of the patent by others during the term of the agreement, in which action defendant admitted the nonpayment of the royalties, but set up as a defense and a ground of counterclaim an alleged infringement of the patent by a certain person, against which claims plaintiff failed to protect him, there was ample evidence to support the findings of the trial court that there has not been any infringement of plaintiff's patent by said person.

[2] ID.—IMPROVEMENTS ON BASIC PATENT—INFRINGEMENT.—Where a patent relating to a centrifugal impact ore pulverizer is not a basic one, but embraces merely "certain new and useful improvements in Ore-Pulverizing Apparatus," the essential features of which are set forth in the patent, the patentee can only be protected against duplication of the very devices invented by him and not against the basic patent.

(1) 30 Cyc., p. 940, n. 45, p. 941, n. 46, p. 965, n. 62.   (2) 30 Cyc., p. 956, n. 77, p. 975, n. 9.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Boswell F. King and Carlos P. Griffin for Appellant.

Charles W. Slack and Edgar T. Zook for Respondent.

KNIGHT, J.—This is an appeal by the defendant from a judgment entered in favor of the plaintiff for the payment of certain sums of money, with interest, which sums

represent the full amount of certain minimum royalties provided to be paid to plaintiff by defendant pursuant to the terms of a written contract entered into between them whereby plaintiff granted to defendant the sole right to manufacture a certain centrifugal impact ore pulverizer upon which letters patent had been issued to plaintiff by the United States patent office. Said contract provided, among other things, that plaintiff should protect the defendant against any infringement of the patent by others during the term of the agreement. Defendant in his answer admitted the nonpayment of the royalties, but set up as a defense and a ground of counterclaim an alleged infringement of the patent by one Marks, against which defendant claims plaintiff failed to protect him. [1] The sole question presented for determination is whether or not there has been any infringement of said patent by the said Marks. The trial court found adversely upon the defendant's contention as to that issue and it will therefore be necessary to ascertain only whether or not there is substantial evidence in the record to sustain that finding.

In support of the finding the record discloses the following facts, most of which were established by the testimony of plaintiff:

The device which was the subject of the contract was a machine used for reducing ores or minerals by the use of the centrifugal force of a rapidly rotating shaft to which shoes are fixed throwing the ore to the outer walls of the chamber with such force as to convert said ore into powdered form. The shaft revolves rapidly, making some three thousand five hundred revolutions a minute, and when the ore or other heavy material is dropped into this rapidly revolving shaft there is danger of the shaft getting out of alignment, and when the shoes wear down there is danger of them being loosened from their fastenings and thrown against the walls of the pulverizer, breaking it to pieces.

Plaintiff claimed no basic patent to said machine, his invention relating to an improved type of one already in use and known as the Partridge machine. The latter machine was defective in the two respects of having no adequate means of maintaining the equilibrium of the shaft, or of knowing when the shoes were wearing down to the

point of breaking off. The inventions claimed by plaintiff consisted of two improvements: First, the use of eight tension-rods running through the machine to a bearing sleeve on the shaft and maintaining an even pressure thereon, which was compensated by adjustable springs on the outside of the casing of the machine to take up any unusual pressure in that direction; and, secondly, the device of a hole bored in the shoe from the rear so that when the face of the shoe is worn down to the bottom of the hole a whistling sound is noted caused by the air currents through the hole in the rapidly revolving shoe. Neither of those improvements was attached to or made a part of the machine which it is claimed Marks was manufacturing. In the Marks type of machine a rubber ring or grummet was used to maintain the lateral tension on the shaft. This was the principle found by respondent to be impractical in the Partridge machine and of no value because of the rapid disintegration of the rubber. As a result of plaintiff's patent, a substitution for these rubber rings was made by providing the rods with springs which effected a perfect balance, adjustable to various kinds of ore which might be run through the machine. This feature of adjustability of springs in plaintiff's machine was absolutely wanting in the Marks machine.

Defendant admits that the design of each particular part of Marks' machine and of plaintiff's are widely different, but it is asserted that a combination of all elements, as set forth in paragraph seven of plaintiff's patent, brings forth the practical application of a certain principle which is alike in both machines. [2] As before stated, plaintiff's patent is not a basic one; he did not invent or claim to have invented the centrifugal impact ore pulverizer. His patent embraces merely "certain new and useful improvements in Ore-Pulverizing Apparatus," the essential features of which are those already mentioned, and which are specifically set forth in plaintiff's patent. Under such circumstances he could only be protected against duplication of the very devices invented by him (30 Cyc. 940, 941; *Morely Sewing Machine Co.* v. *Lancaster,* 23 Fed. 344; *Adams Electric Ry. Co.* v. *Lindell Ry. Co.,* 77 Fed. 432 [23 C. C. A. 223]; *Sandusky Foundry & Machine Co.* v. *de Lavaud,* 258 Fed. 640; *Pacific States Electric Co.* v. *Wright,* 277 Fed. 756;

*Chicago & N. W. Ry. Co.* v. *Sayles*, 97 U. S. 554 [24 L. Ed. 1053, see, also, Rose's U. S. Notes]). And it was only against infringement of those improved devices which are covered by his patent that he agreed to protect the defendant.

It is our opinion that there is ample evidence to support the contested finding, and, therefore, the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 25, 1926.