**AIR DEVICES, Inc. v. AIR FACTORS, Inc. et al.**

No. 11793.

United States District Court
S. D. California, Central Division.

Jan. 2, 1951.

Lyon & Lyon, Reginald E. Caughey, Los Angeles, Cal., James C. Ledbetter, New York City, for plaintiff.

C. A. Miketta, Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

Action for infringement of Letters Patent 2,240,617, issued May 6, 1941, to P. D. Harrigan, assignor to plaintiff, Air Devices, Inc.

The claims involved are 1, 2 and 5, which read:

"1. An air-distributing device comprising a plurality of plates disposed in spaced substantially parallel relation, the front edges of said plates lying in substantially a single plane and said plates being inclined relatively to said plane, and vanes provided on one surface of each of said plates, said vanes extending in an oblique direction relatively to the longitudinal dimensions of the plates."

"2. An air-distributing device comprising a plurality of plates disposed in spaced substantially parallel relation, the front

edges of said plates lying in substantially a single plane, and said plates being inclined relatively to said plane, and vanes provided on one surface of each of said plates, said vanes extending in an oblique direction relatively to the longitudinal dimensions of the plates, and said vanes extending into the spaces between the plates."

"5. An air-distributing device comprising a plurality of plates disposed in spaced substantially parallel relation, the front edges of said plates lying in substantially a single plane, and said plates being inclined relatively to said plane, and vanes provided on one surface of each of said plates, said vanes extending in an oblique direction relatively to the longitudinal dimensions of the plates, and the vanes on one plate extending at an angle to those on an adjacent plate."

The patent is for an "air-distributor". Its validity and that of the claims involved are challenged on the ground of lack of invention in the combination of old elements.

Two cardinal principles which control the problem of the combination of old elements to achieve patentable new uses have been polarized in two recent decisions of the Supreme Court. The conditions which speak for patentability were stated for the Court by Mr. Justice Jackson in Graver Tank & Mfg. Co. v. Linde Air Products Co., 1950, 339 U.S. 605, 608, 70 S.Ct. 854, 856: "The theory on which it is founded is that 'if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form or shape.' Machine Co. v. Murphy, 97 U.S. 120, 125, 24 L.Ed. 935. The doctrine operates not only in favor of the patentee of a pioneer or primary invention, but also for the patentee of a secondary invention consisting of a combination of old ingredients which produce new and useful results, Imhaeuser v. Buerk, 101 U.S. 647, 655, 25 L.Ed. 945, although the area of equivalence may vary under the circumstances."

The negative rule, couched in language which is almost a *warning* and *command* to trial courts, was stated by the same Justice in the Great Atlantic & Pacific Tea Company v. Supermarket Equipment Corporation, 1950, 71 S.Ct. 127, 130: "Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. The function of a patent is to add to the sum of useful knowledge. Patents cannot be sustained when, on the contrary, their effect is to subtract from former resources freely available to skilled artisans. A patent for a combination which only unites old elements with no change in their respective functions, such as is presented here, obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men."

There is also the warning of another leading case that a device must not only be new and useful, but *must also amount to invention*. Cuno Engineering Corporation v. Automatic Devices Corp., 1941, 314 U.S. 84, 90, 62 S.Ct. 37, 40, 86 L.Ed. 58: "We may concede that the functions performed by Mead's combination were new and useful. But that does not necessarily make the device patentable. Under the statute, 35 U.S.C. § 31, 35 U.S.C.A. § 31, R.S. § 4886, the device must not only be 'new and useful', it must also be an 'invention' or 'discovery'. Thompson v. Boisselier, 114 U.S. 1, 11, 5 S.Ct. 1042, 1047; 29 L.Ed. 76. Since Hotchkiss v. Greenwood, 11 How. 248, 267, 13 L.Ed. 683, decided in 1851, it has been recognized that if an improvement is to obtain the privileged position of a patent more ingenuity must be involved than the work of a mechanic skilled in the art."

The solution of the problem before the Court involves the application of these principles. Involved are Claims 1, 2 and 5 of the letters patent in suit, relating to a combination of louver plates or baffles and vanes in a grill intended for use as an "air distributor". These claims are limited to inclined louvers with edges in a single plane and vanes which extend in an oblique

direction relative to the longitudinal dimension of the louver plate.

The object of the invention is to diffuse and deflect air through a grill in an air conditioning system close to the ceiling, so as not to blow downwardly but to gradually diffuse downwardly.

In Answer to Requests for Admissions, —Rule 36, Federal Rules of Civil Procedure, 28 U.S.C.A.—the plaintiff has admitted that the normal and expected function of platelike louver elements arranged in parallel spaced relation in an air distributor or grill is to form passageways between such louver elements which direct air passages through it. It was also conceded that long before the patent in suit, it was known in this country that the direction of flow of air through a grill could be controlled by the angles of the planes in which the louver elements were placed. The prior art shows various elements of louver plates or baffles and vanes.

With these facts in mind, it is evident that the invention is very limited and in a crowded field. The inventor cannot, and does not, claim the discovery of the principle of physics that currents of air can be caused to be mixed at a definite level by mechanical "stirring". All he claims is a special method of introducing and distributing air into a room by means of a ventilating or air conditioning grill constructed in a particular way.

Grills are old in the art, dating back to orifices or openings to allow air into rooms shown in buildings constructed hundreds of years ago, long before formal windows came into use. And louvers to control and regulate the quantum of the flow are old in the art. One patent dates back to 1870. This prior art, especially Oskamp, 2,021,086, Burner, 2,029,153, Young 2,096,271, Germonprez, 2,135,810, Germonprez, 2,195,412, Candor, 2,210,023, and others teach, *in one form or another,* all the principles taught by this patent and the means of achieving them. Indeed, it was demonstrated at the trial that by merely tilting the louvers of the preferred Candor invention, one obtained a construction according to the teachings of the patent in suit. And, while this is not conclusive, it is very revealing. See Grant v. Koppl, 9 Cir., 1936, 99 F.2d 106, 110; McRoskey v. Braun Mattress Co., 9 Cir., 1939, 107 F.2d 143, 147; Braun, Inc., v. Kendall-Lamar Corporation, 9 Cir., 1941, 116 F.2d 663, 665. Basically, as a method of construction, the object of the invention is to permit an inexpensive construction by casting. The accused device calls for a more complicated, *if not more cumbersome,* individual shop construction. See, Mantz v. Kersting, D.C., 1939, 29 F.Supp. 706, 710. There is a single deflection of air in the plaintiff's device. The accused device has means for deflecting the air twice. And the fact that the area of the first deflection is so small that the ultimate result is not affected—(See, Houghten and others, Frictional Resistance to the Flow of Air in Straight Ducts, No. 1105, Transactions A SHVE, 1939, pp. 35–41)—is not controlling in determining identity. For we have two *separate and distinct mechanical means for achieving the result.* The accused device, assuming that its ultimate functional result is the same, achieves it by two mechanical methods of deflection. In addition, the accused device does not have triangular vanes, or vanes on one surface and the baffles in it are at right angles to the plates. So that, assuming that the object of the invention is to direct air into a room in a certain manner and that the accused device achieves this object, it is evident that the accused device resorts to two means of deflection. These are secured by a different and more complex construction, some of the characteristics of which have been referred to.

The result is this: If the claims in suit are read (as *plaintiff wishes us to do*), so as to include every means for deflecting air into a room by means of parallel louver blades and vanes within a frame, there is no invention. For the criterion required to be met by the cases cited, and especially Cuno Engineering Corp. v. Automatic Devices Corp., supra, are not met. The only escape from invalidity lies in restricting the invention to the specific device embodied in the specifications.

A situation such as this was envisaged by the Supreme Court in Graver Tank &

Mfg. Co. v. Linde Air Products, supra, when Mr. Justice Jackson wrote: "The wholesome realism of this doctrine is not always applied in favor of a patentee but is sometimes used against him. Thus, where a device is so far changed in principle from a patented article that it performs the same or a similar function in a substantially different way, but nevertheless falls within the literal words of the claim, *the doctrine of equivalents may be used to restrict the claim and defeat the patentee's action for infringement.*" 339 U.S. at pages 608–609, 70 S.Ct. at page 856. (Emphasis added.) And see, Harries v. Air Kings Products Co., 2 Cir., 1950, 183 F.2d 158, 161.

■ We, therefore, find that the Claims in suit, Claims 1, 2 and 5 are valid but not infringed.

■ It should be added that, while the granting of attorney's fees is discretionary, 35 U.S.C.A. § 70, I do not believe the discretion should be exercised in this case in favor of attorneys' fees for the defendants. The patentee, who, relying upon the presumption of validity which flows from the issuance of the letters patent, comes into court in good faith and seeks to establish infringement, *should not be penalized* for the act by an award of attorney's fees,— especially when, although infringement in the particular instance is not found, the Claims in suit are held to be valid. More, as stated from the bench, repeatedly, I think it would be detrimental to the patent system to allow attorney's fees, except in cases where the Court feels one party or another has been guilty of unfair or oppressive methods in pursuing the legal remedies allowed. See, Official Aviation Guide Co. v. American Aviation Associates, 7 Cir., 1947, 162 F.2d 541, 543; Dixie Cup Co. v. Paper Container Mfg. Co., 7 Cir., 1949, 174 F.2d 834; Dubil v. Rayford Camp & Co., 9 Cir., 1950, 184 F.2d 899, 902–903.

Judgment will, therefore, be for the defendant upon findings that the Claims in suit, Claims 1, 2, and 5, of Harrigan Patent, 2,240,617, dated May 6, 1941, are valid, but not infringed by the defendants. Each side to pay their own costs. No attorneys' fees.

Findings and Judgment to be prepared by counsel for the defendants under Local Rule 7.

### Findings of Fact

1. Plaintiff, Air Devices, Inc., is a New York corporation and is the owner of United States Letters Patent No. 2,240,617 in suit. Defendant, Air Factors, Inc., is a California corporation; defendant Conditionaire, Ltd. is a California corporation; defendant, Fred M. McCown, is the owner of the entire stock of Conditionaire, Ltd., and a resident of the Southern District of California. The defendant corporations have their places of business at Los Angeles, California within the Southern District of California.

2. Prior to the filing of the complaint, plaintiff charged each of the defendant corporations with infringement of Letters Patent No. 2,240,617 by written notices. In response to defendants' interrogatories, plaintiff limited the charge of infringement to claims 1, 2, 5, 7, and 10; by notice dated December 5, 1950, plaintiff withdrew claim 10; upon trial and in view of prior art cited, plaintiff withdrew claim 7.

3. The patent in suit, No. 2,240,617, was applied for by Paul D. Harrigan on February 8, 1939 and issued to plaintiff on May 6, 1941. The patent relates to a combination of louver plates or baffles and vanes, in a grill intended for use as an air distributor. The object of the grill is to direct, deflect and diffuse air passing therethrough and thereby diffuse and mix the air without creating drafts.

4. Claims 1, 2, and 5 of the patent in suit relate to a grill constructed in a particular way and comprising a plurality of spaced, inclined louvers or baffles with edges in a single, common plane, with vanes on one surface only of each of the louvers, the vanes extending in an oblique direction relative to the longitudinal dimension of the louvers. According to the teachings of the patent the vanes should be triangular and the grill was to be made by casting.

5. The patent in suit is in a crowded field. Grills for openings arranged to allow air into rooms and buildings are very old in the art; louvers to control and regulate

the admission of air are also old. The prior art shows various arrangements of louver plates or baffles and vanes for use as grills or air distributors. Twenty prior patents were introduced in evidence, only one of which was cited by the Patent Office in allowing the patent in suit to issue.

6. Among these prior patents, uniform distribution of air in different directions from an air supply opening is shown by the device of Patent No. 2,021,086; arrangements of louvers and vanes whereby the air is deflected successively and discharged in various directions are shown in Patent No. 2,029,153 and Patent No. 2,051,929; grills which discharge air fanlike and where alternate layers of air are discharged in different directions are shown in Patent No. 2,096,271; Patent No. 2,135,810 shows parallel, inclined plates or louvers and vanes therebetween, the vanes and louvers cooperating to impart desired direction to the flow of air being discharged; another arrangement is shown in Patent No. 2,195,-411. The Candor Patent No. 2,210,023, shows a grill including louver plates having vanes on one side, the vanes lying in planes at an angle to the longitudinal dimension of the louver plates.

It was demonstrated at the trial that by merely tilting the louvers of the preferred Candor construction, one obtained a construction according to the teachings of the patent in suit and reading on the claims in suit.

7. Plaintiff admitted that the normal and expected function of plate-like louver elements arranged in parallel spaced relation in an air distributor or grill is to form passageways between such louver elements which direct air passing therethrough. Plaintiff also conceded that long before the patent in suit it was known that the direction of flow of air from an opening could be modified and controlled by the angles of the planes in which louvers and vanes were placed over such opening.

8. The invention of the patent in suit is very limited. The patent cannot claim the function of the device or the principle of physics that currents of air can be caused to be mixed. If read broadly, the claims read upon the prior art and there is no invention. The claims in suit are for a combination of old elements, and in order to escape invalidity, must be restricted to the specific device described in the patent.

9. The air distributors or diffusers manufactured and sold by plaintiff under the name Agitaire Type R and allegedly made under the patent in suit, impart but a single deflection to air passing therethrough. The accused air distributors manufactured and sold by defendant, Air Factors, Inc., under the name or style LCF (laminar counter flow) has two separate and distinct mechanical means for successively deflecting the air in two steps. The mode of operation is different, even if its ultimate functional result is assumed to be the same. The accused device is not a casting; it does not have triangular vanes, and the vanes are not on one surface of inclined louvers. The construction of the accused devices differs from that of the patent in suit.

10. The evidence does not establish that plaintiff has placed the required statutory marking on distributors manufactured and sold by plaintiff under the patent in suit.

11. No evidence was introduced to show that defendants, Fred M. McCown and Conditionaire, Ltd., caused defendant, Air Factors, Inc., to infringe the patent in suit or rented space to Air Factors, Inc. for the purpose of so doing.

## Conclusions of Law

1. The Court has jurisdiction of the parties and of the subject matter.

2. United States Letters Patent No. 2,-240,617 was issued to plaintiff, Air Devices, Inc., on May 6, 1941.

3. Claims 1, 2 and 5 of Patent No. 2,240,-617 are valid when limited to the specific construction described in said patent.

4. Air diffusers and grills manufactured and sold by the defendants employ a different construction and a different mode of operation than the air distributors covered by claims 1, 2 and 5 of Patent No. 2,240,617, and do not infringe said claims.

5. Defendant Air Factors, Inc., solely or jointly with others, has not infringed Patent No. 2,240,617 and particularly claims

1, 2 and 5 thereof by manufacturing, selling and distributing air diffusers or grills.

6. Defendants Fred M. McCown and Conditionaire, Ltd., jointly and severally, have not infringed Patent No. 2,240,617 and particularly claims 1, 2 and 5 thereof, by selling, causing to be sold, installing or causing others to sell air diffusers or grills.

7. The complaint will be dismissed on the merits, with judgment and decree in conformity to the findings and conclusions, each party to pay its own costs.