HOWELL TIRE COMPANY, a co-partnership composed of Lucille Howell and Ray Carroll of Enid, Oklahoma, Plaintiff,

v.

GORDY TIRE COMPANY et al., Defendants.

Civ. A. No. 8520.

United States District Court
N. D. Georgia,
Atlanta Division.

Feb. 24, 1965.

Patrick Henry, Atlanta, Ga., Albert B. Monaco, Philadelphia, Pa., and Frank Carter, Enid, Okl., for plaintiff.

Walter M. Rodgers, and Michael J. Egan, Jr., Atlanta, Ga., for defendants.

HOOPER, District Judge.

### STATEMENT OF THE CASE.

The plaintiffs Lucille Howell and Raymond C. Carroll, holders of two patents hereinafter described, brought this action against Gordy Tire Company and several of its agents and employees and against Gordy Aircraft Tire Company, claiming infringement of these patents. Complaint was also made as to violations of a dealership contract by Gordy Tire Company, but this contention was abandoned. While the validity of the patents in question is attacked this Court does not find it necessary to decide these issues for the reason that the Court is finding and ruling that no infringement is shown. While as a rule it is better for the trial judge to rule upon a matter of validity,[1]

"That finding is not essential to the disposition of the issues in this case." See Kinnear-Weed Corpora-

---

1. Moreover, validity of plaintiff's patents seems to have been established in a prior case in this court, between these same parties.

tion vs. Humble Oil & Refining Company, 259 F.2d 398, p. 402 (5 Cir.).

It seems clear to this Court that the device which has been used by defendants not only is not covered by plaintiff's patents but follows the teachings of patents which are prior to the patents of plaintiffs.

Pursuant to Order of the Court counsel for all parties have filed Proposed Findings of Fact and Conclusions of Law, some of which have been adopted by this Court, and the Court's Findings of Fact and Conclusions of Law are given below.

### FINDINGS OF FACT.

(1) Plaintiffs are owners of Patent No. 2,614,603 issued October 21, 1952 to A. C. Howley, entitled "Adapter for Truck Wheel Rims", allegedly infringed by defendants, although plaintiffs contend that they make out a clearer case of infringement by defendants of the other patent hereinafter referred to.

(2) Plaintiffs are also. the owners of Patent No. 2,797,722 isued July 6, 1957 to R. C. Carroll and Parker O. Thompson, entitled "Tire Adapter Means." These patents will be referred to respectively as the Howley patent and the Carroll patent. Each of them relates to means of mounting rubber tires on wheels designed for tires of smaller diameters. The Carroll patent recites the use of massive tires for aircraft which are discarded, but which by using the patent in question, have proved to be satisfactory for use on heavy construction equipment. It can readily be seen that a substantial saving is effectuated by the use of that patent.

(3) The Carroll patent (plaintiff's Exhibit #2) contains only one claim, which reads as follows:

"A wheel and tire assembly embodying a tire of larger inside diameter than the outside diameter of the wheel rim on which it is mounted, said assembly comprising at each end of the wheel rim a right-angled end flange having one leg of approximately the dimension of the thickness of the tire shoulder bead frictionally sleeved over one end of the wheel rim and another leg extending radially away from said rim, a separate split metallic adapter ring of approximately the same width as the length of the sleeved leg of said end flange seated thereover, said adapter ring being of a thickness substantially less than the length of the radially extending leg of said end flange whereby said leg extends radially beyond the outer face of said adapter ring, a tire having the transverse face of its shoulder bead seated upon the outer surface of said adapted ring and the outer side surface of said bead engaging the radial leg of said end flange, and a locking ring seated in said rim exteriorly of said end flange and engaging the same to positively prevent its outward axial movement."

It is important to note that the Carroll claim expressly contemplates filling in the space between the wheel and the inside diameter of the tire by "a separate split metallic adapter ring * * * said adapter ring being of a thickness substantially less than the length of the radially extending leg of said end flange." This feature will have to be compared with the use by Gordy of a process whereby no separate rings whatsoever are used, but on the other hand, a process by which the inside diameter of the rubber casing is decreased by means of rubber added to the same.

The "ring adapter" in plaintiff Carroll's patent, as shown by Figure 2 of the same, is a metallic ring which slides over the wheel. The patent uses this language:

"The invention comprises a set of adapter rings mounted on a standard heavy duty wheel of known design, such a wheel having side peripheral flanges for engagement of the side walls of a tire" (see Col. 1, line 42).

A reading of the entire patent shows that these metallic rings constitute an essential element of the invention.

This Court finds, therefore, that the Gordy device does not infringe the Carroll patent and differs therefrom in several material regards. A material difference exists in that Carroll uses a "ring adapter" made of metal, being a "set of adapter rings", whereas Gordy does not use such rings at all, but vulcanizes rubber on to the inside of the casing itself, thereby making the interior diameter smaller and thereby obviating the necessity of "ring adapters" as used by Carroll.[2]

(4) If we may assume, however, that the Gordy device would otherwise be an infringement of the Carroll patent, such infringement would be eliminated by virtue of the fact that the Carroll device uses the principle involved in the Main patent (No. 1,640,644) wherein the space between the wheel itself and the over-size tire is filled by a pad of soft, pliable rubber vulcanized to the tire itself. The claims in the Main patent refer to "compressible pads of rubber" fastened to the tires, and "extending around the inner periphery of such side walls for engagement with a tire receiving rim." Defendants also contend that the Gordy process is also substantially covered by the Scott patent (No. 770,611) and the Dunn patent (No. 590,095).

(5) With less confidence plaintiff insists that the Gordy device is infringement of Patent No. 2,614,603 issued to A. C. Howley on October 21, 1952 (plaintiff's Exhibit No. 1). That patent contains seven claims. There also, however, are used "adapters", allegedly

"of unique construction which are retained in place by the usual equipment employed for holding a tire on the rim" (Col. 1, line 30).

These adapters are referred to as

"split rings to be employed in pairs for a single tire or shoe, and each

fashioned to provide an annular transversely inclined and tapered seat for a tire bead" (Col. 1, lines 35–39).

Each of the seven claims refer expressly to these "adapters". No suggestion is made of vulcanizing to the tire itself any rubber substance so that the tire may be used on the rim without the use of these "adapters".

The file wrapper in the Howley patent (No. 2,614,603) refers to

"means applicable to both permanent and demountable rims of vehicle wheels for increasing the diameter of the wheel periphery,"

and refers to

"vehicle wheel rim adapters of unique construction", and

"adapters * * * consisting of split rings to be employed in pairs."

The seven claims were only approved after an amendment was offered November 5, 1951 showing that the patent was upon a combination, the amendment reciting as follows:

"Applicant depends for novelty upon retaining part of a conditional wheel rim and combining therewith a pair of adapters which replace certain elements of the original rim, and are held in place by certain other elements which have not been discarded. The prior art references do not disclose a similar combination and the new claims are therefore believed to be patentable."

The Howley patent, therefore, as in the case of the Carroll patent, also uses a pair of metal ringed adapters together with devices for holding the same in place, and do not use the Gordy device of adding rubber to the inside of the tire casing itself.

---

2. Regardless of other considerations it would seem that Gordy could not infringe Carroll because the latter is apparently a combination patent and contains essential elements not used by Gordy. As stated by the Fifth Circuit Court of Appeals there is a "universal principle of patent law that in a combination every element is essential, and the patentee may not after issuance assert that that which was described as essential was immaterial after all." Reed v. Parrack, 276 F.2d 784, p. 788.

■ As in the case of the Carroll patent it appears that the Gordy device does not use elements which the applicant in the Howley device contended were essential, and therefore Gordy does not infringe.

As in the case of the Carroll patent, too, the Gordy device follows the teachings of other patents which were prior to Howley.

(6) This Court therefore finds that the Gordy device does not infringe either the Carroll or the Howley patents, but that if otherwise it were said to infringe the same, the infringement would be eliminated by reason of the fact that the Gordy device followed the teachings of the Main patent and other patents. Therefore, this Court finds no infringement by defendants as contended.

## CONCLUSIONS OF LAW.

■ 1—This Court has jurisdiction of this action for patent infringement.

2—No question is raised as to the validity of plaintiff's two patents, but only the matter of infringement.

3—The burden of proof is upon the plaintiff to show infringement. As defendant's device differs in many respects from plaintiff's patents the Court must determine whether defendant's device is an equivalent of plaintiff's claims. That is to say, that the Gordy device is

"substantially identical to the prior art"

of plaintiffs, and that

"there is no material difference between the two." See Becker v. Webcor, Inc., 7 Cir., 289 F.2d 357, 361.

In determining whether a device is an equivalent the Court was to consider the several devices

"in the light of what they do, or what office or function they perform, and how they perform it, and to find that one thing is substantially the same as another, if it performs substantially the same function in substantially the same way to obtain the same result." International Harvester Co. v. Killefer Mfg.

Co., 9 Cir., 67 F.2d 54, at p. 61, and cases cited.

As plaintiff's patents are not pioneer patents, but only alleged to be improvements on prior arts, plaintiff's claims

"must be limited in their scope to the actual combination of essentials parts as shown, and cannot be construed to cover other combinations of different construction and arrangement."

Therefore, plaintiff's device clearly consisting of metallic rings to add to the diameter of the wheel of a motor vehicle, together with other devices used in connection therewith, cannot be considered the equivalent of defendant's device, which consists solely and only of vulcanizing additional rubber onto the inside diameter of automobile tires.

The following cases cited by plaintiff do not alter the above ruling. See Bryan v. Sid W. Richardson, Inc., 5 Cir., 254 F.2d 191; Industrial Instrument Corporation v. Foxboro Company, 5 Cir., 307 F.2d 783 and Graver Tank & Mfg. Co., Inc., et al. v. Linde Air Products Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097.

(4) Neither can plaintiff's patents be construed in such a way as to encompass features and functions

"disclosed by prior patents of devices prevailing in public use or known to the public." Air Devices, Inc. v. Air Factors, Inc., et al., 9 Cir., 210 F.2d 481, 482.

It follows that defendant's use of a process, consisting of the vulcanizing onto the inside diameter of a tire, a strip of rubber so as to become an integral part of the tire, is not infringement of patents which employ metallic rings which fit over the wheel, fill up the space between the rim of the wheel and the inside diameter of the tires, and are locked onto the wheel by the devices as described.

(5) As plaintiff's patents are not shown by the evidence to have been infringed, defendants are entitled to a Judgment and defense counsel are directed to present a Judgment in accordance herewith, serving copy of the same on counsel for plaintiffs.